# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

**ROBERT TROY McCLURE #1420457,**
        **Plaintiff,**

**-vs-**                                                                                                         **Case No. A-17-CA-842-RP**

**TEXAS COURT OF CRIMINAL APPEALS, et al.,**
        **Defendants.**

## ORDER

On August 31, 2017, Plaintiff filed his original complaint brought pursuant to 42 U.S.C. § 1983. Plaintiff paid the full filing fee for this lawsuit. Therefore, Plaintiff was responsible for timely serving the defendants in this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

On January 17, 2018, the Magistrate Court ordered Plaintiff to show cause why this case should not be dismissed for want of prosecution or that good cause exists for Plaintiff's failure to timely serve the defendants. Plaintiff did not respond to the Court's order. On February 22, 2018, the Court dismissed the case for want of prosecution and for failure to timely serve the defendants.

Plaintiff moves the Court to reopen the case and allow him to serve the defendants. He explains on November 9, 2017, he was taken from his cell and his property was seized. He was then transferred to the Montford Unit and was hospitalized. While hospitalized, he was allegedly deprived pen and paper and the opportunity to notify the Court. Plaintiff was subsequently allowed material to write to the Court, but his motion was not received by the Court before his case was

dismissed. After consideration of Plaintiff's motions, his motion to reopen [#23] is granted. The remainder of his motions [#28, 33, 36] are dismissed as moot.

Now that Plaintiff's case has been reopened, the Court screens his claims pursuant to 28 U.S.C. § 1915A. On review, the Court must dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Plaintiff sues the Texas Court of Criminal Appeals and its Judges Keller, Hervey, Keasler, Alcala, Newell, Meyers, Richardson, Yeary, and Johnson. Plaintiff essentially is requesting this Court to order the Court of Criminal Appeals to review the merits of his state application for habeas corpus he filed in 2010, which the court dismissed as successive.

Plaintiff also sues Comal District Clerk Kellar, Comal County District Attorney Tharp, Comal County District Court Judge Robinson, Travis County Administrative Judge Livingston, and Travis County District Clerk Price. In 2012 Plaintiff was deemed a vexatious litigant. As a result, Plaintiff's writ for executive clemency he attempted to file in Comal County and his civil tort complaint he attempted to file in Travis County were either rejected or ignored. He complains

Judge Robinson also ignored his complaints regarding his state criminal case and habeas corpus proceedings and Judge Livingston failed to act on his request to file new lawsuits.

Plaintiff's requests for the above-named defendants to act are in the nature of mandamus. "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973).

The defendants named by Plaintiff are not officers or employees of the United States or any federal agency. Consequently, this Court is without power to order them to take particular action with regard to Petitioner's state applications for habeas corpus relief, petitions for writ of clemency, state tort complaint, or requests to file lawsuits in state court. As such, Plaintiff's claims against these defendants are frivolous. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack power to mandamus state courts in the performance of their duties).

Plaintiff also sues Bryan Collier, Executive Director of the Texas Department of Criminal Justice; William Stephens, former Director of the Texas Department of Criminal Justice - Correctional Institutions Division; Bruce Toney, Chief for the Office of Inspector General; Joseph

Buttitta, Chief Investigator of the Office of Inspector General; an unnamed Texas Tech Medical Director for TDCJ Offenders; and Rudolph Brothers, Chief Legal Counsel for the State Counsel of Offenders. He sues these defendants in both their individual and official capacities for monetary damages. Plaintiff also sues Attorney General Ken Paxton but only in Paxton's official capacity and not for monetary damages. Plaintiff does not make clear what relief he is seeking against Paxton.

Being sued in their official capacities for monetary damages, Defendants Collier, Stephens, Toney, Buttitta, the Texas Tech Medical Director, and Brothers are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. *Pennhurst State School Hosp. v. Halderman*, 465 U.S. 89 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. *Port Auth. Trans-Hudson v. Feeney*, 495 U.S. 299, 304 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. *Green v. State Bar of Texas*, 27 F.3d 1083, 1087 (5th Cir. 1994).

To the extent Plaintiff sues Defendants Collier, Stephens, Toney, Buttitta, and Paxton he appears to hold them liable in their supervisory capacities. However, Plaintiff does not allege they were personally involved in the alleged constitutional violations. Supervisory officials cannot be held vicariously liable under Section 1983 solely on the basis of their employer-employee relationship. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 693 (1978); *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). If a supervisor is not personally involved in the alleged constitutional deprivation, he or she may only be held liable if there is a sufficient causal connection between the

supervisor's wrongful conduct and the constitutional violation. *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987). Plaintiff fails to allege a causal connection.

With respect to Brothers Plaintiff alleges he presented to Brothers all of his documentary evidence that pieced together "the whole story of miscarriage of justice and requested that they review [his] current 11.07 and reporter record." Brothers refused and did not attempt to determine if Plaintiff was telling the truth. Brothers' refusal to assist Plaintiff in his quest for justice is not a valid constitutional violation.

With respect to the Texas Tech Medical Director Plaintiff alleges he employs a medical doctor to act as a psychiatrist, who discontinued Plaintiff's medicine. Plaintiff indicates this led to him having an emotional breakdown. Plaintiff also believes the medical doctor receives illegal kickbacks, because he and his son distributes items that are sold in the commissary. Plaintiff also alleges the director employees a nurse practitioner, who operates outside her scope of employment, and the director refuses to address Plaintiff's complaints about his medications. Plaintiff's claims are insufficient to establish a constitutional violation against the director. Once again, Plaintiff is attempting to hold the director liable in his supervisory capacity.

Finally, Plaintiff sues the President or Chairman of the American Correctional Association. However, this defendant is not a state actor. Section 1983 suits may be instituted to sue a state employee, or state entity, using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. *See, Monroe v. Pape*, 365 U.S. 167, 184 (1961); *accord, Brown v. Miller*, 631 F.2d 408, 410-11 (5th Cir. 1980). A private person may be amenable to suit only when the person is a willful participant in joint action with the State or its agents. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). To prevail on a Section 1983 conspiracy claim against an otherwise private

party, the plaintiff must allege and prove an agreement between the private party and persons acting under color of state law to commit an illegal act and an actual deprivation of the plaintiff's constitutional rights in furtherance of that agreement. *Hale v. Townley*, 45 F.3d 914, 920 (5th Cir. 1995). Plaintiff's allegations are insufficient.

Ordinarily, the Court would allow a pro se plaintiff to amend his complaint to correct the deficiencies described by the Court. However, in this case the Court is of the opinion Plaintiff has alleged his best case against these defendants and any future amendment would be futile.

It is therefore **ORDERED** that the motion to reopen [#23], filed by Plaintiff is **GRANTED**.

It is further **ORDERED** that the Court's Order of Dismissal [#17] is **VACATED**.

It is further **ORDERED** that the motions to reopen or for ruling [#28, 33, 36] are **DISMISSED AS MOOT**.

It is further **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** as frivolous or for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A.

**SIGNED** on July 20, 2018.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE